IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 2, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

RICK HAYNES and          )    JEFFERSON COUNTY
KAREN HAYNES             )    03A01-9504-CH-00133
                         )
    Plaintiffs-Appellants )
                         )
                         )
    v.                   )    HON. CHESTER S.
                         )    RAINWATER, JR.,
                         )    CHANCELLOR
JOHN WALKER and wife     )
ROSA MAE WALKER and      )
HAROLD WOODS             )
                         )
    Defendants-Appellees )    AFFIRMED AND REMANDED


CARL R. OGLE, JR., OF JEFFERSON CITY FOR APPELLANTS

JAMES R. SCROGGINS OF JEFFERSON CITY FOR APPELLEES


O P I N I O N


                                    Goddard, P.J.


        The Plaintiffs, Rick Haynes and his wife Karen Haynes,

initially sued their adjacent landowners, Defendants John Walker

and wife Rosa Mae Walker and Harold Woods.  The Plaintiffs sought

a declaration that they were entitled to a right-of-way to gain

access to tract 8 of the Clint Jones property, a 15.72-acre tract

owned by them in Jefferson County. Thereafter, Michael Woods and his wife Paula Young Woods, who acquired a portion of Harold Woods' property, were added as party Defendants by an agreed order.

The Plaintiffs contend that the right-of-way in question was formerly a public road, known as the Old Mills Spring Road, and had never been officially closed. They also assert that their predecessors in title acquired an interest by prescription and, further, that this roadway "provides the only suitable means of ingress and egress to their property," presumably alleging that they are entitled to a right-of-way by necessity.

The Trial Court first found that the Plaintiffs had not carried their burden to show that the road in question was ever a public road and, even had they done so, it had been "abandoned 50 or more years ago."

The Plaintiffs appeal raising the following issue:

WHETHER THE CHANCELLOR ERRED IN HOLDING THAT THE PLAINTIFFS FAILED TO PROVE THE EXISTENCE OF A PUBLIC ROAD CONSTITUTING A RIGHT-OF-WAY TO THE PLAINTIFFS' PROPERTY, THAT SUCH PUBLIC ROAD HAD BEEN ABANDONED, AND THAT THIS ROADWAY DID NOT CONSTITUTE AN EASEMENT BY NECESSITY.

2

The only evidence in the record that this was ever a public road are certain references in deeds to the parties and to their predecessors in title, some of which speak of "a road," and others of "an old road," and the "Old Mill Springs Road." These deeds, however, do not refer to a public road. However, assuming, as did the Chancellor in his memorandum opinion and judgment, that it was in fact a public road, the undisputed testimony is that it had not been known or used as a public road for over 50 years prior to the hearing below. There is also undisputed testimony that Clint Jones, whose children conveyed the property to the Plaintiffs, fenced across the road, which would evidence an intent to abandon it.[1] Moreover, Mr. Jones also conveyed a transmission line easement to the Tennessee Valley Authority which speaks of the road as "an abandoned road." In view of the foregoing, we do not believe the evidence preponderates against either of the Chancellor's findings.

We thus conclude that as to the first two points raised by the Defendants' issue on appeal--the Chancellor's finding that the proof does not establish the road in question was public and, even if so, it had been abandoned--this is an appropriate case for affirmance under Rule 10(a) of this Court.[2]

---

[1] Although not asserted as a theory by the Plaintiffs, any private right accruing to them after the public road was abandoned would likewise have been abandoned by the acts of Mr. Jones.

[2] Rule 10. (a) Affirmance Without Opinion. The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:

3

The only remaining issue is whether the Plaintiffs acquired an easement by necessity.

The rule as to such easements is well stated by the authors of American Jurisprudence Second with appropriate citations as follows:

> A way of necessity is an easement founded on an implied grant or implied reservation. It arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is shut off from access to a road to the outer world by the land from which it is severed or by this land and the land of strangers. In such a situation there is an implied grant of a way across the grantor's remaining land to the part conveyed, or conversely, an implied reservation of a way to the grantor's remaining land across the portion of the land conveyed. The order in which two parcels of land are conveyed makes no difference in determining whether there is a right of way by necessity appurtenant to either.
>
> A way of necessity results from the application of the presumption that whenever a party conveys property he conveys whatever is necessary for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses. Such a way is of common-law origin, and is presumed to have been intended by the parties. A way of necessity is also said to be supported by the rule of public policy that lands should not be rendered unfit for occupancy or successful cultivation. Whether a grant or reservation of a way of necessity should be implied, however, depends on the terms of the conveyance and the facts of the particular case. The implication will not be made where it is shown that the parties did not intend it. Nor will an implied easement of necessity

---

(1) the Court concurs in the facts as found or as found by necessary implication by the trial court.

(2) there is material evidence to support the verdict of the jury.

(3) no reversible error of law appears.

Such cases may be affirmed as follows: "Affirmed in accordance with Court of Appeals Rule 10(a)."

4

be judicially recognized where it is precluded by statute.

25 Am.Jur.2d., Easements and Licenses §35.

We first observe that as to the theory of easement by necessity, it could be considered waived because counsel for the Plaintiffs did not ask the Court to amend its finding to address this issue. However, even if he had done so, our examination of the record discloses that the tract owned by the Plaintiffs fronts on a public road for over 400 feet, and that they also, upon purchasing the property, acquired a right-of-way to a public road from the east boundary of the property conveyed. It is true as to the frontage on the public road, there is proof that there is a bluff some 10 feet high which we assume is along the entire road frontage of their property. It is also true there is proof that the right-of-way acquired is steep and turns sharply at a right angle, making use of it inconvenient and unsuitable.

Even if we assume that the Plaintiffs have no reasonable access to their property, which is not entirely clear, their right-of-way of necessity would be over the remaining property of the sub-dividers. This right was presumably recognized when the question arose prior to the Plaintiffs purchasing the land, prompting the sub-dividers to include a right-of-way in the deed conveying tract 8 to the Plaintiffs.

Although the issue is not raised, we also recognize that the Plaintiffs have a right, if they are indeed landlocked,

5

as contemplated by Chapter 14, Title 54, Tennessee Code Annotated, to condemn a right-of-way to gain access to their property.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Plaintiffs and their surety.

_____
Houston M Goddard, P.J.

CONCUR:


_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.